JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200          Facsimile: (510) 839-3882
Email: john.burris@johnburrislaw.com
          bnisenbaum@gmail.com

Attorneys for Plaintiff
ERIC JONES

**E-filing**

**FILED**

JAN 1 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERIC JONES,

           Plaintiff,

     vs.

CITY AND COUNTY OF SAN FRANCISCO,
a municipal corporation; HEATHER FONG, in
her capacity as Chief of Police for the CITY
AND COUNTY OF SAN FRANCISCO;  and,
San Francisco police officers DOES 1-25,
inclusive,

           Defendants.
                         /

Case No. C08-00373

**COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS.
JURY TRIAL DEMANDED**

## JURISDICTION

1.      This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.  The lawful acts and practices alleged herein occurred in the City and County of San Francisco, California, which is within this judicial district.

PARTIES

2.      Plaintiff herein, ERIC JONES ("JONES"), is and was at all times herein mentioned readily recognizable as an African-American and he is a citizen of the United States residing in the City and County of San Francisco in California.

3.      Defendant City and County of San Francisco ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the City operates the San Francisco Police Department.

4.      At all times mentioned herein, Defendant HEATHER FONG ("FONG"), was employed as Chief of Police for Defendant CITY.  She is being sued in her official capacity as Chief of Police for Defendant CITY.

5.      Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein.  Plaintiff will amend his complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

6.      In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the City.  In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

STATEMENT OF FACTS

7.      On the afternoon of December 27, 2006, Plaintiff ERIC JONES finished his work shift as a telemarketer at "Capital Telecom", located at 6th Street and Mission in San Francisco. Plaintiff was dressed in baggy jeans and wore a "hoodie" sweatshirt under a red San Francisco Giants jacket. Claimant walked alone down 6th Street toward Howard in the direction of a gym at the SOMA recreation center.  Plaintiff, who was 19 years old, was not on probation or parole.

8.      Plaintiff randomly met a friend of his on his way to the gym.  Both Plaintiff and his friend walked together toward the gym.  As Plaintiff crossed Howard Street, he noticed a burgundy four door Ford Taurus Sedan stopped at a stoplight on Howard Street at 6th Street.  Plaintiff and his friend continued to walk along 6th Street when the traffic light changed and the burgundy Taurus sedan made a left turn onto 6th Street. The sedan pulled to a stop next to Plaintiff and his friend.  Two men were inside the burgundy Taurus, and both men quickly exited the Taurus.  Plaintiff soon realized that these two men were plainclothes San Francisco Police Officers.  The officers' names and identities remain unknown to Plaintiff, and are hereby named as Defendant Officers DOE 1 and DOE 2.

9.      Even though Plaintiff had taken no action consistent with criminal conduct, the two San Francisco Police Defendant Officers DOES ordered both Plaintiff and his friend to face the wall of a building next to them on 6th Street.  Plaintiff and his friend complied with the defendant officers' commands.  Defendant Officer DOE #1, who is about 5'5", Caucasian, with salt and pepper hair and moustache, began searching Plaintiff. Plaintiff objected to the search and told Defendant Officer DOE #1 that he was not on probation or parole and that it was not right to search him.  Defendant Officer DOE #1 responded to Plaintiff by telling him, "I don't give a fuck!"

10.      Defendant Officer DOE #1 ordered Plaintiff to turn around and face him.  Plaintiff complied. Plaintiff was surprised when he noticed that Defendant Officer DOE #2 had a hand down the back of his friend's boxer shorts.  Plaintiff was shocked when Defendant Officer DOE #1 put one hand, without the protection of a glove, down the back of Plaintiff's pants, inside Plaintiff's boxer shorts, and put the tip of his finger on Plaintiff's rectum.

11.      Defendant Officer DOE #1 found no drugs or contraband, and Plaintiff possessed no drugs or contraband. Defendant Officer DOE #1 incorrectly told Plaintiff "I know you have drugs on you. I'm going to find them. I can tell by the way your heart is beating." Defendant Officer DOE #1 then felt under Plaintiff's testicles. Defendant Officer DOE #1 asked Plaintiff, "Do you think I'm cute?"

12.      Defendant Officer DOE #1 asked Plaintiff where he was from. Plaintiff replied that he was from San Francisco. Defendant Officer DOE #1 told Plaintiff, "I run 6th Street. I run this shit. I

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 3

do what the fuck I want to do." Defendant Officer DOE #1 ordered Plaintiff to remove his shoes and socks. Plaintiff said nothing but complied with the order. Again, no contraband was located. Defendant Officer DOE #1 asked Plaintiff for identification, and Plaintiff provided his California I.D. card. Defendant Officer DOE #1 gave the I.D. card to Defendant Officer DOE #2, who ran a warrants check on Plaintiff. The check came back clean and confirmed that Plaintiff was on neither probation nor parole.

13.    Plaintiff asked Defendant Officer DOE #1 for a pen and paper. Defendant Officer DOE #1 asked Plaintiff why he wanted a pen and paper. When Plaintiff did not respond, Defendant Officer DOE #1 asked Plaintiff if he wanted to make a report. Defendant Officer DOE #1 told Plaintiff that he would take Plaintiff down to 850 Bryant Street, which Plaintiff knows is the main police station and hall of justice in San Francisco.  Defendant Officer DOE #1 told Plaintiff that he could make his report at 850 Bryant, and promised Plaintiff that after making a report, Plaintiff would have a "fucked up day."

14.    Defendant Officer DOE #2 had Plaintiff's identification in his hand. Before he returned Plaintiffs identification, Defendant Officer DOE #2 told him, "Let me keep your information just in case." Defendant Officer DOE #2 then wrote down Plaintiff's information as noted on his identification on a notepad the officer retrieved from his pocket. Defendant Officer DOE #2 then returned Plaintiff's identification to him. Defendant Officers DOE #1 and #2 got in their unmarked sedan and sped away from the scene as Plaintiff tried to check the license plate of the unmarked burgundy Ford Taurus sedan.

15.    Both Plaintiff and his friend then walked to 850 Bryant Street, where Plaintiff provided a Sergeant with a handwritten statement of the humiliating search and sexual assault and battery that had just occurred.

16.    About two weeks later Plaintiff met with an investigator from the Office of Citizen Complaints after he told his pastor what had occurred.  The investigator scheduled Plaintiff to view a line-up of police officers to identify Officers DOES No. 1 and 2. However, the investigator subsequently canceled the line-up. It has not been re-scheduled.

17.   The detention and search of Plaintiff on or about December 27, 2006 was malicious, wanton and done without any just provocation or cause, proximately causing Plaintiff's damages.

18.   Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law.  Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his civil rights.

19.   As a proximate result of defendants' conduct, plaintiff suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and pride as a United States citizen.

FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against Defendant Officers DOES 1-10)

20.   Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 19 of this Complaint.

21.   In doing the acts complained of herein, Defendants DOES 1 through 10, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

a.   The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

SECOND CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendants CITY, HEATHER FONG, and DOES 11-25)

22   Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 21 of this Complaint.

23.   Plaintiff is informed and believes and thereon alleges that high ranking City of

San Francisco officials, including high ranking police supervisors, such as Defendant HEATHER FONG, DOES 11 through 25, and/or each of them, knew and/or reasonably should have known about the repeated acts of misconduct by Defendant Officers DOES 1-10, and/or each of them.

24.     Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants FONG, DOES 11-25, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

25.     Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants DOES 1-10, and/or each of them, Defendants FONG, DOES 11-25, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of the Plaintiff's rights as alleged herein.

26.     The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City and County of San Francisco officials, including high ranking City and County of San Francisco Police Department supervisors, Defendants FONG, DOES 11-25, and each of them, resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

27.     These rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

THIRD CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendant CITY AND COUNTY OF SAN FRANCISCO)

28.     Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 27 of this Complaint.

29.     As against Defendant CITY, Defendant FONG and/or DOES 11-25 in her/their capacity as official policy-maker(s) for the CITY AND COUNTY OF SAN FRANCISCO, plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY AND COUNTY OF SAN FRANCISCO Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

30.     Plaintiff is further informed and believes and thereon alleges that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY, FONG, DOES 11-25, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the Defendant CITY, Defendant FONG, DOES 11-25, and each of them.

31.     The injuries and damages to Plaintiff as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant CITY, Defendant FONG, DOES 11-25, and each of them.

32.     Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendant SAN FRANCISCO Police Department.

33.     Plaintiff is further informed and believes and upon such information and belief alleges that Plaintiff's damages and injuries were caused by customs, policies, patterns or practices of Defendant CITY, Defendant FONG, DOES 11-25, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendant Officers, DOES 1-10, and/or each of them.

34.     The aforementioned customs, policies or practices of Defendant CITY, Defendant FONG, DOES 11-25, and each of them, resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

a.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

35.     These rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### (Assault and Battery)
### (Against Defendants DOES 1-10)

36.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 35 of this Complaint.

37.     Defendants DOES 1-10, inclusive, placed Plaintiff in immediate fear of severe bodily harm by attacking and battering him without any just provocation or cause.

38.     These defendants' conduct was neither privileged nor justified under statute or common law.

39.     As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
(False Imprisonment)
(Against Defendants DOES 1-10)

40.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 39 of this Complaint.

41.     Defendants DOES 1-10, inclusive, falsely imprisoned Plaintiff without probable cause. Plaintiff had not committed any crime, and there was no basis upon which defendants could have reasonably believed that plaintiff had committed any crime.

42.     Defendants DOES 1-10, inclusive, failed to observe proper procedures in falsely imprisoning Plaintiff without probable cause. These defendants exceeded the limits of their authority as police officers in falsely imprisoning the plaintiff without probable cause, and in using excessive and unnecessary force against plaintiff while they falsely imprisoned him.

43.     As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Against Defendants DOES 1-10)

44.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 43 of this Complaint.

45.     The conduct of Defendants DOES 1-10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Defendants committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiff.

46.     As a proximate result of Defendants' willful, intentional and malicious conduct, plaintiff suffered severe and extreme mental and emotional distress.  Therefore, Plaintiff is entitled to an award of punitive damages as against said defendants.  Plaintiff has suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

EIGHTH CAUSE OF ACTION
(Violation of Civil Code Section 51.7)
(Against Defendants  DOES 1-10)

47.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 46 of this complaint.

48.     Plaintiff is informed and believes and thereon alleges that the conduct of Defendant Officers DOES 1-10, inclusive, as described herein, was motivated by racial prejudice against plaintiff.  Plaintiff is and was readily recognizable as African-American.  In engaging in such conduct, defendants violated Plaintiff's rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

49.     Under the provisions of California Civil Code Section 52(b), Defendants are liable for each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00, and for reasonable attorney's fees.

50.     As a proximate result of defendants' wrongful conduct, plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION
### (Violation of Civil Code Section 52.1)
### (Plaintiff against Defendants DOES 1-10)

51.    Plaintiff realleges and incorporates by reference herein paragraphs 1 through 50 of this Complaint.

52.    The conduct of Defendants DOES 1-10, inclusive, as described herein, acting in the course and scope of their employment for Defendant CITY, violated California Civil Code Section 52.1, in that they interfered with Plaintiff's exercise and enjoyment of his civil rights, through use of wrongful and excessive force, and failure to make any proper or reasonable detention of said Plaintiff.

53.    As a direct and proximate result of Defendants' violation of Civil Code Section 52.1, Plaintiff suffered violation of his constitutional rights, and suffered damages as set forth herein.

54.    Since this conduct occurred in the course and scope of their employment, Defendant CITY is therefore liable to Plaintiff pursuant to respondeat superior.

55.    Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiff prays for relief, as hereinafter set forth.

## TENTH CAUSE OF ACTION
### (Negligence)
### (Against Defendants and DOES 1-10)

56.    Plaintiff realleges and incorporates by reference herein paragraphs 1 through 55 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

57.     At all times herein mentioned DOES 1-10, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making of arrests.  The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiff to suffer injuries and damages as set forth herein.  Pursuant to Government Code Section 815.2(a), Defendant CITY is vicariously liable to Plaintiff for his injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

58.     As a proximate result of Defendants' negligent conduct, Plaintiff suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiff's emotional tranquility, and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


## ELEVENTH CAUSE OF ACTION
### (Negligent Hiring, Retention, Training, Supervision, and Discipline)
### (Against Defendants CITY and DOES 11-25)

59.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 58 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

60.     At all times herein mentioned, defendant CITY, by and through its supervisory employees and agents, DOES 11-25, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to citizens.  With deliberate indifference, CITY and DOES 11-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights and injury to said plaintiff.  CITY and DOES 11-25, inclusive, breached their duty of care to citizens in

that CITY and DOES 11-25, inclusive, failed to adequately train its police officers, including

Defendants DOES 1-10, inclusive, in the proper and reasonable use of force, the proper and

reasonable making of detentions, and treating citizens in a manner that is not racially discriminatory,

and/or failed to have adequate policies and procedures regarding the proper and reasonable use of

force, the proper and reasonable making of detentions, and treating citizens in a manner that is not

racially discriminatory.  This lack of adequate supervisorial training, and/or policies and procedures

demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying

the continuing use of excessive and unreasonable force by police officers employed by CITY, the

continuing failure to make proper and reasonable detentions by police officers employed by CITY,

and continuing racially discriminatory behavior towards citizens by police officers employed by the

CITY.

     61. As a proximate result of Defendants CITY and DOES 11-25, inclusive's negligent

conduct, plaintiff suffered severe physical injury, severe emotional and mental distress, injury having

a traumatic effect on Plaintiff's emotional tranquility, and damages.

     WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

JURY DEMAND

62.    Plaintiff hereby demands a jury trial in this action.

PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1.    For general damages in a sum of $1,000,000.00;

2.    For special damages in a sum according to proof;

3.    For punitive damages in a sum according to proof;

4.    For injunctive relief enjoining Defendant CITY AND COUNTY OF SAN

       FRANCISCO from authorizing, allowing, or ratifying the practice by any police

officer employee of Defendant CITY from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;

5.    For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;

6.    For violation of California Civil Code Section 51.7 pursuant to California Civil Code section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;

7.    For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

8.    For cost of suit herein incurred; and

9.    For such other and further relief as the Court deems just and proper.


Dated: January 15, 2008                              **The Law Offices of John L. Burris**


                                                     John L. Burris
                                                     Attorney for Plaintiff
                                                     Eric Jones