1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Deputy City Attorney
3  DAVID B. NEWDORF, State Bar #172960
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-3892
6  Facsimile:     (415) 554-3837
   E-Mail:        david.newdorf@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND HEATHER FONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ERIC JONES, | Case No. C08-00373 EMC |
|---|---|
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE CLAIM (FED. R. CIV. P. 12(B)(6))** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; and, San Francisco police officers DOES 1-25, inclusive, | Hearing Date:   April 11, 2008<br>Time:           9:00 a.m.<br>Place:          TBD |
| | Trial Date:    N/A |
| Defendants. | |

12(b)(6) MOTION -- CASE NO. C08-00373 EMC                                n:\lit\li2008\080919\00470762.doc

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii
NOTICE OF MOTION .........................................................................................................1
STATEMENT OF FACTS ALLEGED IN COMPLAINT ............................................................1
ARGUMENT......................................................................................................................2
    I.    UNDER STATE LAW, THE CITY IS NOT LIABLE FOR "NEGLIGENT HIRING, RETENTION, SUPERVISION AND DISCIPLINE" AS A MATTER OF LAW. ...................................................................................2
    II.    PLAINTIFF DOES NOT PLEAD A CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1. .....................................................3
CONCLUSION ...................................................................................................................6

# TABLE OF AUTHORITIES

**State Cases**

*City and County of San Francisco v. Ballard*
   136 Cal. App. 4th 381 (2006) ...................................................................................................6

*City of Pomona v. Superior Court*
   89 Cal. App. 4th 793 (2001) .....................................................................................................4

*Eastburn v. Reg'l Fire Protection Auth.*
   31 Cal. 4th 1175 (2003) ...........................................................................................................2

*Jones v. Kmart Corp.*
   17 Cal. 4th 329 (1998) .........................................................................................................3, 4

*Munoz v. City of Union City*
   120 Cal. App. 4th 1077 (2004) .................................................................................................2

*Venegas v. County of Los Angeles*
   153 Cal. App. 4th 1230, 63 Cal. Rptr 3d 741, (2007) ...............................................................4

**State Statutes & Codes**

Civil Code § 52.1 ...........................................................................................................................3

**Federal Cases**

*Lugar v. Edmonson Oil Co.*
   457 U.S. 922 (1982) .................................................................................................................4

*Rios v. City of Fresno*
   2006 WL 3300452 (E.D. Cal. Nov. 14, 2006) .........................................................................6

*Walker v. County of Santa Clara*
   2005 WL 2437037 (N.D. Cal. Sept. 30, 2005) ........................................................................2

**NOTICE OF MOTION**

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT on April 11, 2008, at 9:00 a.m., in a Courtroom to be determined after reassignment of this matter, or at such other time and place as directed by the Court or re-noticed by defendants, Defendants CITY AND COUNTY OF SAN FRANCISCO and HEATHER FONG will, and hereby do, move for an order dismissing the complaint, in part, for failure to state a claim under Fed. R. Civ. P. 12(b)(6). This motion is based on this notice, the following memorandum of points and authorities, the complete file in this matter, and such other briefing and argument as the Court may receive.

**STATEMENT OF FACTS ALLEGED IN COMPLAINT**

The 19-year-old plaintiff alleges that he and a friend were in the vicinity of Sixth and Howard Streets in San Francisco on the afternoon of December 27, 2006. (Compl. ¶ 7.) Without provocation, two unidentified plainclothes San Francisco Police Officers (DOE #1 and DOE #2) stopped the two young men and ordered them to face the wall of a building on Sixth Street. (Compl. ¶ 9.) Plaintiff objected to the search on the ground that he was not on probation or parole. (Compl. ¶ 9.) Plaintiff observed DOE #2 with a "hand down the back of his friend's boxer shorts." (Compl. ¶ 10.) DOE #1 then "put one hand, without the protection of a glove, down the back of Plaintiff's pants, inside Plaintiff's boxer shorts, and put the tip of his finger on Plaintiff's rectum." (Compl. ¶ 10.)

DOE # 1 told plaintiff that "I know you have drugs on you. I'm going to find them. I can tell by the way your heart is beating." (Compl. ¶ 11.) DOE # 1 then felt under Plaintiff's testicles. DOE # 1 then said to plaintiff: "Do you think I'm cute?" (Compl. ¶ 11.) DOE # 1 then ordered plaintiff to remove his shoes and socks. No contraband was found. A check of plaintiff's name and identification did not reveal any warrants, probation or parole. (Compl. ¶ 12.) The unidentified officers then left without arresting plaintiff or his friend.

The Complaint alleges claims against the DOE officers for violation of the Fourth Amendment under 42 U.S.C. § 1983 and state law claims of assault and battery, false imprisonment, intentional infliction of emotional distress, negligence, California Civil Code § 51.7 (racial

discrimination) and California Civil Code § 52.1 (Bane Act, state civil rights).  Plaintiff also sues the City under § 1983 and for negligent hiring, retention, training, supervision and discipline.

## ARGUMENT

**I.   UNDER STATE LAW, THE CITY IS NOT LIABLE FOR "NEGLIGENT HIRING, RETENTION, SUPERVISION AND DISCIPLINE" AS A MATTER OF LAW.**

San Francisco as a public entity is only liable for state law claims "as . . . provided by statute." Government Code section 815.  As discussed in *Eastburn v. Reg'l Fire Protection Auth.*, 31 Cal. 4th 1175, 1183-84 (2003), the, "direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care...."  In *Eastburn*, the court found no direct liability because there was no statutory provision "declaring or defining a public agency's duty of care with respect to handling 911 emergency calls."  *Id*. at 1180.  The California Court of Appeal in *Munoz v. City of Union City* applied the same principle.  In *Munoz*, plaintiffs were relatives of a woman shot and killed by police officers, and filed a wrongful death action against the officer and the city.  The decedent was under the influence and brandishing two knives in her home near her family members when she was confronted by police officers called to the scene.  She was shot by a police officer during the officer's attempt to calm her down.  The plaintiffs claimed that the city's inadequate training, and supervision of officers in responding to crisis situations caused the death.  The *Munoz* court held that, as plaintiffs were unable to find a statutory basis for their negligence claim, the defendant city was not directly liable for failing to provide clearer police procedures in confrontational situations, more effective officer supervision, or more effective officer training.  *Munoz,* 120 Cal. App. 4th 1077, 1112-13 (2004).

Similarly, here plaintiff's claim against the City in his cause of action for negligent hiring, retention, training, supervision and discipline does not have a statutory basis.  As plaintiffs cannot identify any statutory basis for liability against San Francisco, these state law claims must be dismissed.  *See Walker v. County of Santa Clara,* 2005 WL 2437037 (N.D. Cal. Sept. 30, 2005) (dismissing state claims for negligent hiring, training and supervision based on *Eastburn* and *Munoz*).

## II. PLAINTIFF DOES NOT PLEAD A CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1.

Plaintiff does not allege any intent to interfere with protected rights that would violate the plain language of Civil Code section 52.1.  Plaintiff apparently construes this California statute as the state law equivalent to 42 U.S.C. § 1983, but it is quite different.  Section 1983 *only* applies to conduct by state actors.  Section 52.1, however, applies to private individuals or state actors who attempt to interfere with the enjoyment of civil rights.  Section 1983 makes *any* constitutional deprivation under color of law actionable.  But section 52.1 specifically requires two separate elements:  (1) the use of violence or coercion (whether or not by a state actor); (2) with the intent to interfere with the exercise or enjoyment of civil rights.

There are two separate claims alleged here.  First, under § 1983, that the DOE officers' use of force under color of law was unreasonable and excessive under the Fourth Amendment.  These allegations are sufficient to state a federal claim.  Second, under section 52.1, the DOE officers used excessive force to violate plaintiff's right to be free from the use of excessive force.  This is circular and fails to state a claim.

Plaintiff alleges that defendants violated section 52.1 "through use of wrongful and excessive force, and failure to make any proper or reasonable detention."  Compl. ¶ 52.  Plaintiff does not identify any separate civil rights with which this conduct interfered or attempted to interfere.  As will be further explained below, these allegations are not enough to state a claim under section 52.1.

Civil Code section 52.1 prohibits conduct that

> interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state…

Cal. Civil Code § 52.1(a).

Under the statute, plaintiff must show *both* "threats, intimidation and coercion" *and* an interference or attempted interference with a federal constitutional right.  *See Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998) (§ 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion").  Plaintiff wraps these separate elements into one in

claiming that by using excessive force or making an unlawful seizure under the Fourth Amendment, defendant interfered with his rights under the Fourth Amendment.

As noted, the state statute differs from the federal Civil Rights Act, 42 U.S.C. § 1983, in two significant respects. *See Venegas v. County of Los Angeles,* 153 Cal. App. 4th 1230, 63 Cal. Rptr 3d 741, 750 (2007). These differences are instructive. First, the state statue prohibits conduct "whether or not acting under color of law." *Id.;* Civil Code § 52.1(a). By contrast, Section 1983 applies *only* to conduct "under color of law."[1] Second, the state statue does not permit a cause of action for any interference with protected rights, but only the use of "threats, intimidation, or coercion" that interfere, or attempt to interfere, "with the exercise or enjoyment by any individual of rights" under law. By contrast, Section 1983 creates a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *Venegas,* 63 Cal. Rptr. 3d at 750.

If the California Legislature had wanted to create a state analog to the federal Civil Rights Act, it would have copied the federal act, as it has in other situations. *See, e.g., City of Pomona v. Superior Court,* 89 Cal. App. 4th 793, 801 (2001) (California courts consider federal precedents in interpreting the state False Claims Act because this statute was modeled after the federal False Claims Act). Instead, California modeled its act after the Massachusetts Civil Rights Act, which also requires conduct that "interfere[s]. . . by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights" protected by federal or Massachusetts law. *See Jones v. Kmart Corp*., 17 Cal. 4th 329, 335 (1998) (stating the California modeled its act after Massachusetts Civil Rights Act). A ruling that equates the scope of the state Civil Rights Act with Section 1983 would ignore the plain language of the statute and make the requirement for "threats, intimidation or coercion" mere surplusage. *United States v. Wenner*, 351 F.3d 969, 975 (9th Cir. 2003) (statute should not be construed to render certain words or phrases mere surplusage).

In further support of the distinction between conduct that is a "threat, intimidation or coercion" and the violation of rights, the state statute uses the phrase the "exercise or enjoyment" of

---

[1] Under Section 1983, only "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law is action taken 'under color of state law.'" *Lugar v. Edmonson Oil Co.*, 457 U.S. 922 (1982)

rights. This phrase signifies active or positive conduct in furtherance of a constitutional right. For example, engaging in protected speech may be the "exercise or enjoyment" of First Amendment rights. Similarly, casting a ballot is the "exercise or enjoyment" of the right to vote. It would clearly violate Section 52.1 to threaten violence against a person to deter him or her from voting or speaking at a public meeting. But section 1983 is different and broader, and the federal Civil Rights Act makes actionable "deprivation of *any* rights, privileges or immunities." *See* 42. U.S.C. § 1983 (emphasis added).

California courts recognize this distinction, which is embodied in the standard civil jury instruction. CACI No. 3025 lists the essential factual elements of the claim as follows:

> [Name of plaintiff] claims that [name of defendant] intentionally interfered with [or attempted to interfere with] [his/her]'s civil rights by threatening or committing violent acts. To establish this claim, [name of plaintiff] must prove all of the following:
>
> 1. [name of defendant] interfered with [or attempted to interfere with] [name of plaintiff]'s right [insert alleged constitutional or statutory right] by threatening or committing violent acts;
>
> 2. [That [name of plaintiff] reasonably believed that if [he/she] exercised [his/her] right [insert right, e.g., "to vote"] [name of defendant] would commit violence against [him/her] or [his/her] property;]
>
> [That [name of defendant] injured [name of plaintiff] or [his/her] property to prevent [him/her] from exercising [his/her] right to [insert right] or retaliate against [name of plaintiff] for having exercised [his/her] right [insert right];]
>
> 3. That [name of plaintiff] was harmed; and
>
> 4. That [name of defendant]'s conduct was a substantial factor in causing [name of plaintiff]'s harm.

Obviously, not every act of violence interferes with the *separate* exercise of a constitutional right. Conversely, not every constitutional violation requires violence. But Section 52.1 requires both. Here, plaintiff does not allege use of violence coupled with an intent to interfere with the exercise of a constitutional right. Plaintiff's claim under Section 52.1 thus fails.

The federal district court for the Eastern District of California faced the distinction between deprivation of rights under § 1983 versus interference with the "exercise or enjoyment of rights" through threats, intimidation or coercion under Section 52.1. The Court ruled that use of a taser to effect an arrest may have been excessive force in violation of plaintiff's Fourth Amendment rights, and that disputed facts in the case required resolution by the factfinder rather than on summary

1  judgment. *Rios v. City of Fresno,* 2006 WL 3300452, at *10 (E.D. Cal. Nov. 14, 2006). However,
2  the court ruled as a matter of law that the use of excessive force – even if proved – would not by itself
3  violate Section 52.1:

> [T]here is no evidence that any defendant attempted to interfere with a specific constitutional right by threats, intimidation or coercion, or by committing or threatening to commit a violent act against plaintiff or that plaintiff reasonably believed that if he exercised a specific constitutional right, defendants would commit violence against him.

*Id.* at *20 (granting summary judgment to defendants on Section 52.1 claim).

Obviously, if a violation of the Fourth Amendment under color of law through use of excessive force was sufficient to state a claim under section 52.1, the federal court in *Rios* could not have denied summary judgment to defendants on the Fourth Amendment claim but granted it on the section 52.1 claim. *See also City and County of San Francisco v. Ballard,* 136 Cal. App. 4th 381, 408 (2006) (demurrer properly sustained without leave to amend because "city did not interfere with any legal right" and plaintiff "completely failed to satisfy the requirement that city engaged in a form of coercion").

## CONCLUSION

For the foregoing reasons, the Court should dismiss the claims in the Complaint as to negligent hiring, retention, supervision or discipline and as to California Civil Code § 52.1.

Dated: March 7, 2008

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
DAVID B. NEWDORF
Deputy City Attorney


By:           /s/
    DAVID B. NEWDORF

Attorneys for Defendants CITY AND COUNTY OF SAN FRANCISCO and HEATHER FONG