JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200    Facsimile: (510) 839-3882
Email: john.burris@johnburrislaw.com
       bnisenbaum@hotmail.com

Attorneys for Plaintiff
ERIC JONES

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC JONES,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; and, San Francisco police officers DOES 1-25, inclusive,<br><br>　　　　Defendants.<br>_____/ | Case No.  C 08 00373  CW<br><br>**PLAINTIFF'S OPPOSITION IN PART TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (FRCP 12(b)(6))**<br><br>Time: April 24, 2008<br>Date: 2:00 p.m.<br>Location:  Ctrm 2, 4th Floor<br><br>Hon. Claudia Wilken |

# TABLE OF CONTENTS

Table of Contents………………………………………………………………………………….…2

Table of Authorities……………………………………………………………………………….……3

Memorandum of Points and Authorities…………………………………………………………..….4

    I.  Dismissal of Eighth Cause of Action alleging violation of Civil Code section 51.7……...4

    II. Dismissal of Plaintiff's Ninth Cause of Action alleging violation of Civil Code
       Section 52.1 should be  denied……………………………………………………………4

    III. Plaintiff can maintain state law claim for Intentional Infliction of Emotional Distress…..7

    IV. Liability against Defendant CITY……………………………………………………...9

Conclusion……………………………………………………………………………………………10

# TABLE OF AUTHORITIES

Statutory Authorities:

Federal Rule of Civil Procedure 12(b)(6)……………………………………………………….…4


Cases:

*Gillespie v. Civiletti* (9th Cir. 1980) 629 F.2d 637…………………………………………………….4

*Strother v. Southern California Permanente Medical Group* (9th Cir. 1996) 79 F.3d 859……..…..4

*Lewis v. Telephone Employees Credit Union* (9th Cir. 1996) 87 F.3d 1537…………………………4

*Kerr v. Federal Emergency Management Agency* (C.A. 8, Mo. 1997) 113 F.3d 884………………..4

*Youngberg v. Bekins Co.* (E.D. Cal. 1996) 930 F.Supp. 1396…………………………………………4

*Bernheim v. Litt* (N.Y. 2d Cir. 1996) 79 F.3d 318…………………………………………………….4

*Cole v. Doe 1 thru 2 Officers of City of Emeryville Police Dept.*
387 F.Supp.2d 1084 (N.D.Cal, 2005)…………………………………………………………………6

*Jones v. Kmart Corp.,* 17 Cal. 4th 329, 334 (1998)……………………………………………………6

*Rios v. City of Fresno*, 2006 WL 3300452………………………………………………………….7

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. NON-OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINITFF'S ELEVENTH CAUSE OF ACTION FOR NEGLIGENT HIRING, RETENTION, SUPERVISION AND DISCIPLINE

Plaintiff does not oppose Defendant's motion to dismiss his Eleventh Cause of Action alleging Negligent Hiring, Retention, Supervision and Discipline.

## II. DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1 SHOULD BE DENIED.

When deciding a Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material fact allegations of the Complaint. *Gillespie v. Civiletti* (9th Cir. 1980) 629 F.2d 637, 640; *Rendon v. Fresno Police Dept.,* 2006 WL 2694358 (E.D. Cal.).

Complaints should not be dismissed unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  FRCP Rule 12(b)(6); *Gillespie v. Civiletti* (9th Cir. 1980) 629 F.2d 637, 640; *Strother v. Southern California Permanente Medical Group* (9th Cir. 1996) 79 F.3d 859, amended on denial of rehearing; *Lewis v. Telephone Employees Credit Union* (9th Cir. 1996) 87 F.3d 1537, 1545; *Kerr v. Federal Emergency Management Agency* (C.A. 8, Mo. 1997) 113 F.3d 884.

On a motion to dismiss for failure to state a claim, the Court is bound to give Plaintiff the benefit of every reasonable inference that can be drawn from well-pleaded allegations of the Complaint. *Youngberg v. Bekins Co.* (E.D. Cal. 1996) 930 F.Supp. 1396.

This standard governing motions to dismiss for failure to state a claim is applied even more liberally, where Plaintiff alleges civil rights violations. *Bernheim v. Litt* (N.Y. 2d Cir. 1996) 79 F.3d 318, 321-322.

In the instant matter, Plaintiff has sufficiently pleaded a violation of Civil Code section 52.1. Plaintiff's Ninth Cause of Action, violation of California Civil Code section 52.1, incorporates in it all preceding paragraphs of Plaintiff's Complaint (paragraphs 1 through 49), including the statement of facts.  At paragraphs 8 and 9, Plaintiff alleged that two Plainclothes San Francisco Police Department officers, whose names are unknown to Plaintiff, were in a burgundy Taurus sedan and stopped Plaintiff and a friend, who were not engaged in any criminal activity.  The officers forced Plaintiff and his friend to face a wall, while one of the defendant officers, described as having salt-and-pepper hair and moustache, Caucasian, about 5'5", began to search Plaintiff. Plaintiff objected to the search and told the officer that he was not on probation or parole. Plaintiff told the officer that he had no right to search him.  That defendant officer swore and ordered Plaintiff to turn around and face him.  Plaintiff noticed the second defendant officer put a hand down his friend's pants, and then was shocked when the defendant officer searching Plaintiff put a hand inside Plaintiffs' pants and underwear, ultimately touching Plaintiff's rectum.  Although this highly intrusive and offensive search found no contraband, the Defendant Officer then felt under Plaintiff's testicles.  This Defendant Officer made comments to Plaintiff during the search including incorrectly telling Plaintiff that he knew Plaintiff had drugs on him by the way Plaintiff's heart was beating, and asking Plaintiff if he thought the officer was cute.

The search continued which included the officer ordering Plaintiff to remove his shoes, and the officer telling Plaintiff that the officer ran the street Plaintiff and his friend were on.  The second Defendant Officer ran Plaintiff's name for warrants check. Plaintiff asked for a pen and paper and let the officer know that he was going to report the Defendant Officers' misconduct. The second defendant officer wrote Plaintiff's information down on notepad before releasing Plaintiff and his

friend. The officers left the scene in their Taurus and Plaintiff and his friend then went to 850 Bryant Street, the Hall of Justice, to file a report against the officer.

Plaintiff alleges in his complaint at paragraph 51 that the Defendants interfered with Plaintiff's exercise and enjoyment of his civil rights, through the use of excessive force, and the failure to make any proper or reasonable detention of said Plaintiff.  Even as pled, this claim encompasses the wrongful search of Plaintiff, using the detention and threat of force to effectuate a wrongful sexual touching of Plaintiff, in violation of Plaintiff's Fourth Amendment rights to be free from unreasonable seizures.  The "threats, intimidation and coercion" of the Defendants in this case are the use of authority as police officers to make a detention with no cause; conduct a law enforcement search under the implicit threat of law enforcement authority to accomplish a wrongful search exceeding any reasonable scope of public searches, up to and including the commission of a sexual battery; and the implicit threat of an arrest and use of force should Plaintiff have physically resisted the search.  One can reasonably draw the inference that the Defendant Officers intended to violate Plaintiff's Fourth Amendment rights by the search exceeding any reasonable scope during a meritless, unreasonable detention.

In *Cole v. Doe 1 thru 2 Officers of City of Emeryville Police Dept.* 387 F.Supp.2d 1084, 1102-1104 (N.D.Cal, 2005) Magistrate Judge Chen held that a Plaintiff stated sufficient facts to support a violation of California Civil Code section 52.1 based on alleged interference with that Plaintiff's right to be free from unreasonable searches and seizures under the California Constitution.  In that case, Magistrate Judge Chen found that "Use of law enforcement authority to effectuate a stop, detention (including the use of handcuffs), and search can constitute interference by 'threat[ ], intimidation, or coercion' if the officer lacks probable cause to initiate the stop, maintain the detention, and continue a search." *Id* at 1103.

As stated in *Jones v. Kmart Corp.,* 17 Cal. 4th 329, 334 (1998), section 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." Plaintiff JONES has alleged a detention and search without any cause that interfered with his legal rights under the Fourth Amendment. The sexual touching and false imprisonment (Plaintiff's Fifth Cause of Action) committed by the Defendant Officers were done under the law enforcement authority to use force and make detentions. As pleaded by Plaintiff JONES, these interferences with Plaintiff's legal rights were without probable cause to detain or arrest, and without lawful justification to the search alleged by Plaintiff. Lacking justification or probable cause, the Defendant Officers' misuse of their law enforcement authority to force Plaintiff to stop and be detained, and to submit to highly intrusive search that was essentially a sexual battery, constitutes interference by threats, intimidation, or coercion in violating Plaintiff's rights.

Defendants' logic is deeply flawed. Relevantly, section 52.1 prohibits interference with the exercise *or enjoyment* by any individual of rights secured by the U.S. Constitution, or the laws and Constitution of California. Thus, one need not be actively exercising a certain right, such as attempting to vote, for section 52.1 to apply. One can be simply *enjoying* one's right to be free from unreasonable searches while walking down a public street with a friend and not being involved in the commission of any crime, for example, and if an unreasonable search occurs through threat, intimidation, or coercion, both of elements of section 52.1 would be satisfied.

The threats, intimidation, or coercion contemplated by section 52.1 are simply the method by which the violation of the protected right must have occurred to satisfy section 52.1. Of course, there is no claim in this case that the CITY OF SAN FRANCISCO committed the violation of section 52.1. This offense was committed by the individual defendant officers.

In *Rios v. City of Fresno*, 2006 WL 3300452, the Court found on summary judgment that, in that case, there was "*no evidence* that any defendant attempted to interfere with a specific

constitutional right by threats, intimidation or coercion, or by committing or threatening to commit a violent act against plaintiff or that plaintiff reasonably believed that if he exercised a specific constitutional right, defendants would commit violence against him." *Rios* at 20, emphasis added.

The evidence in this case has not even opened. As pleaded by Plaintiff, the misuse of law enforcement authority, by effectuating a stop and detention, and, in this case, a sexual battery, constitutes threats, intimidation or coercion. The factual question of whether such an effect reasonably resulted upon Plaintiff (i.e. that Plaintiff reasonably perceived threats, intimidation or coercion by the Defendant Officers) is sufficiently alleged in the pleadings in this case.

## **CONCLUSION**

Plaintiff has alleged a violation of his rights under the Fourth Amendment to the United States Constitution that occurred through intimidation, threat and coercion by the Defendant Officers. Plaintiff's cause of action for violation of Civil Code section 52.1 is clearly stated.

Dated:  April 2 2008                                   **The Law Offices of John L. Burris**


                                                                       /s/ Benjamin Nisenbaum
                                                                       Ben Nisenbaum
                                                                       Attorney for Plaintiff