DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Deputy City Attorney
DAVID B. NEWDORF, State Bar #172960
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3892
Facsimile:     (415) 554-3837
E-Mail:        david.newdorf@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC JONES,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; and, San Francisco police officers DOES 1-25, inclusive,<br><br>　　　　Defendants. | Case No. C08-00373 CW<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM (FED. R. CIV. P. 12(B)(6))**<br><br>Hearing Date:　　April 24, 2008<br>Time:　　2:00 p.m.<br>Place:　　Crtrm 2, 4th Floor, 1301 Clay St., Oakland, CA<br><br>Trial Date:　　n/a |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... ii

REPLY BRIEF.....................................................................................................................1

PLAINTIFF DOES NOT PLEAD A CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1.........................................................................................................1

      A.    Plaintiff Does Not Allege Interference With A Protected Right. ................1

      B.    Civil Code Section 52.1 Requires Plaintiff To Allege A Separate Interference With A Protected Right In Addition To The Use Of "Threats, Intimidation, Or Coercion." ..........................................................1

           1.    The Plain Language Of The Statute Requires Two Separate Elements.........................................................................................1

           2.    State and Federal Cases Recognize That Two Distinct Elements Are Required Under Section 52.1...................................................3

CONCLUSION....................................................................................................................5

# TABLE OF AUTHORITIES

**State Cases**

*Batchelder v. Allied Stores Corp.*
    473 N.E.2d 1128 (Mass. 1985) ...................................................................................5

*City and County of San Francisco v. Ballard*
    136 Cal. App. 4th 381 (2006) ......................................................................................4

*City of Pomona v. Superior Court*
    89 Cal. App. 4th 793 (2001) ........................................................................................2

*Jones v. Kmart Corp.*
    (1998) 17 Cal.4th 329 .................................................................................................3

*Jones v. Kmart Corp.*
    17 Cal. 4th 329 (1998) ................................................................................................2

*Longval v. Commissioner of Correction*
    535 N.E. 2d 588 (Mass. 1989) ....................................................................................4

*Venegas v. County of Los Angeles*
    153 Cal. App. 4th 1230, 63 Cal. Rptr 3d 741, (2007) .................................................2

*Whitworth v. City of Sonoma*
    No. A103342, 2004 WL 2106606 (Cal. Ct. App. Sept. 22, 2004) ..............................5

**State Statutes & Codes**

Civil Code § 52.1 ................................................................................................................1

**Federal Cases**

*Cole v. Doe 1 Through 2 Officers of the City of Emeryville Police Department*
    387 F. Supp. 2d 1084 (N.D. Cal. 2005) ......................................................................4

*Lugar v. Edmonson Oil Co.*
    457 U.S. 922 (1982) ....................................................................................................2

*Rios v. City of Fresno*
    2006 WL 3300452 (E.D. Cal. Nov. 14, 2006) ............................................................3

*United States v. Wenner*
    351 F.3d 969 (9th Cir. 2003) .......................................................................................2

# REPLY BRIEF

Plaintiff has agreed in his opposition to dismiss claims against the City for negligent hiring, retention, training and supervision. Below, defendants address the defectively pled claims under Civil Code section 52.1.

## PLAINTIFF DOES NOT PLEAD A CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1.

Contrary to his argument, Plaintiff does *not* allege any intent to interfere with protected rights and must do so in order to support a claim under California Civil Code section 52.1. Plaintiff does not allege that he was arrested or that excessive force was used. He claims that he was searched without probable cause and the search was conducted unreasonably. The allegations of a Fourth Amendment right is enough under § 1983, but not under the California statute.

### A. Plaintiff Does Not Allege Interference With A Protected Right.

Plaintiff has not alleged the required interference with a protected right. He contends that any stop and search by police without probable cause violates not only § 1983 but also the state Bane Act. The Complaint, however, does not allege the required nexus between the use of "threats, intimidation or coercion" and "interfere[ence] . . . with the exercise or enjoyment by any individual or individuals of rights" protected by law. *See* Civil Code § 52.1(a).

### B. Civil Code Section 52.1 Requires Plaintiff To Allege A Separate Interference With A Protected Right In Addition To The Use Of "Threats, Intimidation, Or Coercion."

#### 1. The Plain Language Of The Statute Requires Two Separate Elements.

The plain language of the statute shows that there are two distinct and separate elements required to show a violation of Civil Code section 52.1. This section prohibits conduct that

> interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state…

Cal. Civil Code § 52.1(a).

The state statute differs from the federal Civil Rights Act, 42 U.S.C. § 1983, in two significant respects. *See Venegas v. County of Los Angeles,* 153 Cal. App. 4th 1230, 63 Cal. Rptr 3d 741, 750

(2007). These differences are instructive. First, the state statue prohibits conduct "whether or not acting under color of law." *Id.;* Civil Code § 52.1(a). By contrast, Section 1983 applies *only* to conduct "under color of law."[1] Second, the state statue does not permit a cause of action for any interference with protected rights, but only the use of "threats, intimidation, or coercion" that interfere, or attempt to interfere, "with the exercise or enjoyment by any individual of rights" under law. By contrast, Section 1983 creates a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *Venegas,* 63 Cal. Rptr. 3d at 750. Section 1983, therefore, makes *any* constitutional violation actionable.

An unreasonable search standing alone – which is alleged in any Fourth Amendment unreasonable search case – is not sufficient. This is the product of the statutory text, which requires not only coercion but also an "interfer[ence] . . . with the exercise or enjoyment" of individual rights. Civil Code § 52.1. If the California Legislature had wanted to create a state analog to the federal Civil Rights Act, it would have copied the federal act, as it has in other situations. *See, e.g., City of Pomona v. Superior Court,* 89 Cal. App. 4th 793, 801 (2001) (California courts consider federal precedents in interpreting the state False Claims Act because this statute was modeled after the federal False Claims Act). Instead, California modeled its act after the Massachusetts Civil Rights Act, which also requires conduct that "interfere[s]. . . by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights" protected by federal or Massachusetts law. *See Jones v. Kmart Corp.*, 17 Cal. 4th 329, 335 (1998) (stating the California modeled its act after Massachusetts Civil Rights Act). A ruling that equates the scope of the state Civil Rights Act with Section 1983 would ignore the plain language of the statute and make the requirement for "threats, intimidation or coercion" mere surplusage. *United States v. Wenner,* 351 F.3d 969, 975 (9th Cir. 2003) (statute should not be construed to render certain words or phrases mere surplusage).

In further support of the distinction between conduct that is a "threat, intimidation or coercion" and the violation of rights, the state statute uses the phrase the "exercise or enjoyment" of

---

[1] Under Section 1983, only "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law is action taken 'under color of state law.'" *Lugar v. Edmonson Oil Co.*, 457 U.S. 922 (1982)

rights. This phrase signifies active or positive conduct in furtherance of a constitutional right. A valid section 52.1 claim requires proof of coercion and interference with a right, such as when the defendant threatens to injure the plaintiff in order to force the plaintiff to consent to a warrantless search of her home. *See Jones v. Kmart Corp.* (1998) 17 Cal. 4th 329, 334. Similarly, a claim would be stated if the defendant used coercion to interfere with the plaintiff's right to vote, to cause the plaintiff to submit to involuntary servitude or to interfere with the right to interstate travel. *See id.* at 334, 338. "The Legislature enacted section 52.1 to stem a tide of hate crimes," *id.* at 338, i.e. those in which threats or violence interfere with or retaliate against the exercise of individual rights. That is simply not the case here, even if plaintiff's account of his search is accepted as true.

California courts recognize this distinction, which is embodied in the standard civil jury instruction that requires proof of the following element:

> 2. [That [name of plaintiff] reasonably believed that if [he/she] exercised [his/her] right [insert right, e.g., "to vote"] [name of defendant] would commit violence against [him/her] or [his/her] property;]
>
> [That [name of defendant] injured [name of plaintiff] or [his/her] property to prevent [him/her] from exercising [his/her] right to [insert right] or retaliate against [name of plaintiff] for having exercised [his/her] right [insert right];]

(CACI No. 3025.) Thus, under the statute, plaintiff must show *both* "threats, intimidation and coercion" *and* an interference or attempted interference with a state or federal right. This requirement is not met simply by the allegation that an officer conducted a search without a warrant or other legal justification and that deprived plaintiff of his Fourth Amendment rights.

### 2. State and Federal Cases Recognize That Two Distinct Elements Are Required Under Section 52.1.

The federal district court for the Eastern District of California faced the distinction between deprivation of rights under § 1983 versus interference with the "exercise or enjoyment of rights" through threats, intimidation or coercion under Section 52.1. The Court ruled that use of a taser to effect an arrest may have been excessive force in violation of plaintiff's Fourth Amendment rights, and that disputed facts in the case required resolution by the factfinder rather than on summary judgment. *Rios v. City of Fresno,* 2006 WL 3300452, at *10 (E.D. Cal. Nov. 14, 2006). However,

the court ruled as a matter of law that the use of excessive force – even if proved – would not by itself violate Section 52.1:

> [T]here is no evidence that any defendant attempted to interfere with a specific constitutional right by threats, intimidation or coercion, or by committing or threatening to commit a violent act against plaintiff or that plaintiff reasonably believed that if he exercised a specific constitutional right, defendants would commit violence against him.

*Id.* at *20 (granting summary judgment to defendants on Section 52.1 claim); *accord City and County of San Francisco v. Ballard,* 136 Cal. App. 4th 381, 408 (2006) (demurrer properly sustained without leave to amend because "city did not interfere with any legal right" and plaintiff "completely failed to satisfy the requirement that city engaged in a form of coercion").

In Massachusetts, the Supreme Judicial Council noted that using shackles to transport a state prisoner against his will was not, by itself, the kind of "coercion" that violated that state's Civil Rights Act, which is nearly identical to section 52.1.[2]  The Court stated:

> [W]e see no coercion, within the meaning of the State Civil Rights Act, simply from the use of force by prison officials, authorized to use force, in order to compel a prisoner to do something he would not willingly do, even if it turns out that the official had no lawful right to compel the prisoner to take that action.

*Longval v. Commissioner of Correction*, 535 N.E. 2d 588, 593 (Mass. 1989).

Plaintiff cites *Cole v. Doe 1 Through 2 Officers of the City of Emeryville Police Department,* 387 F. Supp. 2d 1084 (N.D. Cal. 2005), for the proposition that an unlawful detention under the Fourth Amendment is actionable under Section 52.1.  The court in *Cole* did not specifically discuss the relationship between "threats, intimidation or coercion" and the "exercise or enjoyment of rights."

---

[2] Massachusetts General Law Chapter 12, § 11H states in relevant part:

> Whenever any person or persons, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, the attorney general may bring a civil action for injunctive or other appropriate equitable relief in order to protect the peaceable exercise or enjoyment of the right or rights secured.

This is nearly identical to California Civil Code section 52.1(a).  Massachusetts allows a private action for damages, as does California.  *See* Mass. General Law Chapter 12 § 11I; California Civil Code § 52.1(b).

Instead, the court focused on whether an unlawful detention could be "threats, intimidation or coercion," and found that it could. However, both in the facts of *Cole,* as well as the cases cited therein, there was an element of coercion that interfered with the "exercise and enjoyment" of some other right.[3] To the extent that *Cole* held that a Fourth Amendment violation based on a detention or search without probable cause was sufficient, on its own, to violate Section 52.1, defendants submit that the case was wrongly decided and conflicts with the language of the statute and the cases discussed above.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the claims in the Complaint as to negligent hiring, retention, supervision or discipline and as to California Civil Code § 52.1.

Dated:  April 10, 2008

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
DAVID B. NEWDORF
Deputy City Attorney

By: _____/s/_____
DAVID B. NEWDORF
Attorneys for Defendant CITY AND COUNTY OF SAN FRANCISCO

---

[3] In *Cole,* plaintiff alleged that officers "coerc[ed] Mr. Cole to consent to the search of his car, in particular, his trunk." 387 F. Supp. 2d at 1103. There was no coerced consent to search in this case, according to plaintiff's allegations.

In *Whitworth v. City of Sonoma,* No. A103342, 2004 WL 2106606 (Cal. Ct. App. Sept. 22, 2004) (cited by *Cole*), the court noted that there was coercion that interfered with in an independent right to attend a public meeting:

> . . . Whitworth's allegations are sufficient to establish that he was deterred by "threats, intimidation, or coercion" from entering a meeting open to the public and addressing the District's Board of Directors. We therefore conclude that Whitworth has stated a cause of action that his exclusion from the public meeting deprived him of a right guaranteed by the United States and California Constitutions, specifically the right to petition government for a redress of grievances.

In *Batchelder v. Allied Stores Corp,* 473 N.E.2d 1128 (Mass. 1985), quoted in *Whitcomb* and *Cole,* a candidate for political office was distributing handbills on private property, as was his right under Massachusetts law. A uniformed private security officer ordered him to stop, and the court found that this was intimidation or coercion in the exercise of his political rights. *Id.* at 1131.