DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Deputy City Attorney
DAVID B. NEWDORF, State Bar #172960
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3892
Facsimile:     (415) 554-3837
E-Mail:        david.newdorf@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO AND
HEATHER FONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC JONES,<br><br>          Plaintiff,<br><br>     vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; and, San Francisco police officers DOES 1-25, inclusive,<br><br>          Defendants. | Case No. C08-00373 CW<br><br>**INITIAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Hearing Date:     April 24, 2008<br>Time:             2:00 p.m.<br>Place:            Courtroom 2, 4th Floor, 1301 Clay St., Oakland, CA |

   **1. Jurisdiction and Service:**  This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.  The acts and practices alleged herein occurred in the City and County of San Francisco, California, which is within this judicial district.  All named defendants have been served and have appeared.  Individual officers sued as Doe Defendants have not yet been identified or served.

**2. Facts:**

Plaintiff's contentions:

On the afternoon of December 27, 2006, Plaintiff and a friend were detained and subjected to a degrading and humiliating public strip search by two unknown San Francisco Police Department officers. While walking down the sidewalk on 6th Street near Howard in San Francisco, a burgundy Fort Taurus sedan pulled to a stop near Plaintiff and his friend. Two men in plainclothes exited the sedan and detained Plaintiff and his friend. Over Plaintiff's objections, one of the defendant officers searched Plaintiff. To Plaintiff's surprise, Plaintiff saw the second Defendant Officer with his hand down Plaintiff's friend's pants. Neither Plaintiff nor his friend was engaged in any activity that would reasonably lead a person to believe that they were involved in criminal conduct.

Even though Plaintiff told the officer searching him that he was not on probation or parole, the officer put a hand down the inside of Plaintiff's boxer shorts, searching them and touching Plaintiff's anus. The officer told Plaintiff that he was sure Plaintiff had drugs in his possession, but the officer was totally wrong. The officer then felt under Plaintiff's testicles. Plaintiff had no contraband whatsoever in his possession, and this extreme search and battery of Plaintiff produced no contraband.

The officer searching Plaintiff asked Plaintiff where he was from, and told Plaintiff that he (the officer) ran Sixth Street. He then ordered Plaintiff to remove his shoes and socks. No contraband was located, because Plaintiff possessed no contraband. The officer demanded Plaintiff's identification card, and the second unknown Defendant Officer DOE ran a warrants check on Plaintiff, which came back clean, exactly as Plaintiff had told the officers.

Plaintiff asked the officers for a pen and paper so he could get the officers' information. The Defendant Officer who had been searching Plaintiff asked Plaintiff why he wanted a pen and paper. When Plaintiff did not respond, the officer told Plaintiff that he could make a report of the incident at 850 Bryant (the Hall of Justice), but that Plaintiff would have a "fucked up" day if he did make a report. The officer wrote down Plaintiff's information and the officers then left the scene in their Ford Taurus.

1  Plaintiff and his friend then walked to 850 Bryant where they provided a Sergeant a
2  handwritten statement of the subject-incident strip search. About two weeks later, Plaintiff met with
3  an investigator from the Office of Citizen Complaints. That investigator scheduled Plaintiff to view a
4  line-up of officers to identify the officers involved. However, that line-up was subsequently
5  cancelled by the investigator and was never re-scheduled.
6  Defendants' assertion that SFPD properly trains its officers in detentions and searches is not
7  evidence of any sort. Plaintiff will seek discovery of all records, including dispatch records, Mobile
8  Data Terminal records, to identify the officer who ran the warrants check on Plaintiff, OCC records
9  pertaining to the investigation of Plaintiff's complaint to the sergeant, and records pertaining to
10 evidence of other public strip searches conducted by San Francisco Police Department officers.
11 Plaintiff will also seek Management and Control Division ("MCD") records in the same area (MCD
12 is the SFPD equivalent of internal affairs). Plaintiff will also seek field search polices of the SFPD,
13 and MCD materials related to public strip search and conducting field searches.
14 Defendants' Contentions:
15 Discovery has not yet begun. Because the complaint names unidentified "Does" as the sole
16 participants in the alleged incident involving plaintiff, the City is not yet able to respond to the factual
17 allegations of the Complaint. There is likely no incident report because plaintiff was not arrested or
18 transported and was, according to the allegations, only briefly detained and searched. The SFPD,
19 however, properly trains its officers in detentions and searches. The City therefore would not be
20 liable on a *Monell* theory under 42 U.S.C. section 1983. Further, the City does not view Plaintiff's
21 allegations as falling within the definition of a "strip search."
22 **3. Legal Issues:**
23 Defendants' Contentions:
24 Defendants identify the following issues: (1) If police detained plaintiff, whether the
25 officer(s) had reasonable cause to detain plaintiff; (2) if police searched plaintiff, whether the officer
26 conducted the search in a reasonable manner; (3) whether plaintiff's injuries were caused by any
27 official custom, practice or policy of the City; (4) whether the individual Doe defendants, if
28 identified, would be entitled to qualified immunity.

CASE MANAGEMENT CONF. STATEMENT
CASE NO. C08-00373 CW

3

c:\documents and settings\john\my documents\jones.cmc.final.doc

Plaintiff identifies the same legal issues as Defendants, and, in addition: Whether Plaintiff is entitled to punitive damages, and whether the conduct of Defendant Officers was racially motivated.

**4. Motions:** Defendant's 12(b)(6) motion to dismiss is set for hearing on the date of this conference. Defendants may file dispositive motions regarding qualified immunity and *Monell* liability. Plaintiff will oppose these motions.

**5. Amendment of Pleadings:** Plaintiffs will amend the complaint to name the "Doe" defendants if and when their identities are ascertained.

**6. Evidence Preservation:** Defendants have not yet been able to identify any documents or other evidence related to the allegations against the Doe defendants, but will seek to identify and preserve any such evidence during discovery.

**7. Disclosures:** Plaintiff shall make his initial disclosures by the date of the Initial Joint Case Management Conference. Defendants will arrange for a simultaneous exchange of initial disclosures prior to the conference.

**8. Discovery**: Plaintiffs anticipate conduction discovery pursuant to the Federal and Local Rules, including 25 each per party of Special Interrogatories, Requests for Production of Documents, and Requests for Admissions, with up to 10 Depositions per side. Plaintiffs will seek the production of officer personnel records (if the officers are identified) pursuant to a stipulated protective order or by motion.

Defendants will also conduct discovery pursuant to Federal and Local Rules. In light of plaintiff's claim of infliction of severe emotional distress, defendants are entitled to an independent psychological examination of plaintiff's mental condition pursuant to Fed. R. Civ. P. 35.

Plaintiff will seek discovery of all records, including dispatch records, Mobile Data Terminal records, to identify the officer who ran the warrants check on Plaintiff, OCC records pertaining to the investigation of Plaintiff's complaint to the sergeant, and records pertaining to evidence of other public strip searches conducted by San Francisco Police Department officers. Plaintiff will also seek Management and Control Division ("MCD") records in the same area (MCD is the SFPD equivalent of internal affairs). Plaintiff will also seek field search polices of the SFPD, and MCD materials related to public strip search and conducting field searches.

1  **9. Class Actions:** This is not a class-action matter.

2  **10. Related cases:** None.

3  **11. Relief:** Plaintiff seeks damages including General Damages in a sum according to proof, including emotional distress damages, damages for false arrest and physical injury, violation of Civil Code sections 51.7 and 52.1, which may carry statutory penalties in addition to actual damages, punitive damages according to proof, costs and attorneys fees according to proof.

**12. Settlement and ADR:** The parties request a settlement conference before a magistrate judge. Failing that, the plaintiff prefers mediation.

**13. Consent to Magistrate Judge for all purposes:** Plaintiff would consent to a magistrate judge for all purposes, including trial. This matter was originally assigned to a Magistrate Judge and reassigned after Defendants declined to consent to a Magistrate Judge.

**14. Other reference:** Not applicable.

**15. Narrowing of Issues:** None at this time.

**16. Expedited Schedule:** Not at this time.

**17. Scheduling:** Plaintiffs request a trial date in April 2009. Defendants believe the case should be prepared for trial in late May 2009.

**18. Trial:** The parties have demanded a jury trial, expected to last between 5 to 7 days.

**19. Disclosure of Non-Party Interested Entities or Persons:** Plaintiff will file his separate disclosure prior to the Joint Case Management Conference. Pursuant to Civil L.R. 3-16, there is no such interest to report. Defendants also have no such interest to report.

**20. Other matters:** None at this point.

DATED:     April 18, 2008

                                          **The Law Offices of John L. Burris**

                                          _____/s/_____

                                                Ben Nisenbaum
                                                Attorney for Plaintiff

|   |   |
|---|---|
| 1 | DENNIS J. HERRERA |
|   | City Attorney |
| 2 | JOANNE HOEPER |
|   | Chief Trial Deputy |
| 3 | DAVID B. NEWDORF |
|   | SEAN F. CONNOLLY |
| 4 | Deputy City Attorney |

By: _____/s/_____
DAVID B. NEWDORF
Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
HEATHER FONG, IN HER OFFICIAL CAPACITY

---

CASE MANAGEMENT CONF. STATEMENT
CASE NO. C08-00373 CW

6

c:\documents and settings\john\my documents\jones.cmc.final.doc