IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC JONES, | No. C 08-0373 CW |
|     Plaintiff, | |
|   v. | ORDER GRANTING IN PART DEFENDANTS' PARTIAL MOTION TO DISMISS |
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; and San Francisco police officers DOES 1-25, inclusive, | |
|     Defendants. | |

Defendants City and County of San Francisco and Heather Fong move to dismiss Plaintiff Eric Jones' claims for interference with his civil rights under California Civil Code § 52.1 and for negligent hiring, retention, supervision and discipline. Plaintiff opposes Defendants' motion with respect to the former claim, but does not oppose the motion with respect to the latter claim. The matter was taken under submission on the papers. Having considered all of the papers submitted by the parties, the Court grants Defendants' motion in part and denies it in part.

BACKGROUND

Plaintiff alleges that he and a friend were in the vicinity of Sixth and Howard Streets in San Francisco on the afternoon of

1  December 27, 2006 when two unidentified plainclothes police
2  officers stopped them, ordered them to face the wall of a building
3  and began searching them.  Plaintiff objected to the search,
4  telling the officer who was searching him that he was not on
5  probation or parole.  Nonetheless, he complied with the officer's
6  commands.

7　　　As the search proceeded, Plaintiff saw the other police
8  officer put his hand inside his friend's boxer shorts.  The officer
9  who was searching Plaintiff then "put one hand, without the
10 protection of a glove, down the back of Plaintiff's pants, inside
11 Plaintiff's boxer shorts, and put the tip of his finger on
12 Plaintiff's rectum."  Compl. ¶ 10.  The officer told Plaintiff, "I
13 know you have drugs on you.  I'm going to find them.  I can tell by
14 the way your heart is beating."  Id. ¶ 11.  The officer then felt
15 under Plaintiff's testicles and asked him, "Do you think I'm cute?"
16 Id.  No contraband was found at any time during the search.

17　　　Upon demand, Plaintiff provided the officer with his ID card.
18 A check of Plaintiff's name did not reveal any outstanding warrants
19 or that Plaintiff was on probation or parole.  Plaintiff asked the
20 officer for a pen and paper, prompting the officer to ask Plaintiff
21 if he intended to file a complaint.  The officer threatened to take
22 Plaintiff to the Hall of Justice, where he could make a report, but
23 the officer promised that Plaintiff would then "have a fucked up
24 day."  Id. ¶ 13.

25　　　The officer who had been searching Plaintiff's friend wrote
26 down Plaintiff's identifying information, telling Plaintiff that he
27 was keeping the information "just in case."  Id. ¶ 14.  The
28

**United States District Court**
For the Northern District of California

officers then returned Plaintiff's ID and left without arresting Plaintiff or his friend.

Plaintiff now asserts claims against Defendants under 42 U.S.C. § 1983 for violation of the Fourth Amendment's prohibition on unreasonable searches and seizures. He also asserts claims under California Civil Code § 51.7 for racial discrimination and California Civil Code § 52.1 for interference with the enjoyment of his civil rights by threats, coercion or intimidation. Plaintiff further asserts common law claims for assault and battery, false imprisonment, intentional infliction of emotional distress, negligence and negligent hiring, retention, training, supervision and discipline.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. See Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile.

3

Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

## DISCUSSION

California Civil Code § 52.1 imposes civil liability on a person who, "whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of [California]." Section 52.1 is broader in scope than 42 U.S.C. § 1983 in that it extends liability for interference with civil rights to private actors. See Venegas v. County of Los Angeles, 153 Cal. App. 4th 1230, 1242 (2007). At the same time, it imposes an additional requirement, not found in § 1983, that the interference with civil rights be made "by threats, intimidation, or coercion." See id.

Defendants interpret § 52.1 as having two separate elements: (1) the use of threats, intimidation or coercion (2) to interfere or to attempt to interfere with the exercise or enjoyment of an independent civil right. Defendants assert that these elements may not overlap. Accordingly, no claim may lie under § 52.1, Defendants argue, if it is based on the defendant's successful violation of the plaintiff's civil rights and the underlying

4

violation necessarily involves the use of threats, intimidation or coercion.

Case law does not appear to address directly the question of whether a claim under § 52.1 may be based on an underlying civil rights violation that itself involves the use of threats, intimidation or coercion.  However, the Court need not resolve this issue because Defendants' argument relies on incorrectly characterizing the violation of Plaintiff's rights solely as the officers' inappropriate use of force while searching him.  Plaintiff's claims are not so limited; he also asserts that the very fact of the search was unconstitutional because it was not supported by probable cause.  If Plaintiff can show that his allegedly unlawful detention was accomplished by "threats, intimidation, or coercion," he may be able to succeed on a claim under § 52.1, regardless of the manner in which the search was conducted.  See Venegas v. County of Los Angeles, 32 Cal. 4th 820 (2004) (permitting plaintiffs to proceed on a § 52.1 claim for unlawful search and seizure); Cole v. Doe 1 thru [sic] 2 Officers of City of Emeryville Police Dep't, 387 F. Supp. 2d 1084, 1103 (N.D. Cal. 2005) ("Use of law enforcement authority to effectuate a stop, detention (including use of handcuffs), and search can constitute interference by 'threat[], intimidation, or coercion' if the officer lacks probable cause to initiate the stop, maintain the detention, and continue a search.") (omission in original).

## CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED IN PART and DENIED IN PART.  Plaintiff's claim for negligent hiring,

5

retention, supervision and discipline is dismissed.  Plaintiff may proceed with his claim for violation of California Civil Code § 52.1.  A case management conference will be held on April 24, 2008 at 2:00 p.m.

    IT IS SO ORDERED.

Dated: 4/23/08

CLAUDIA WILKEN
United States District Judge