DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Deputy City Attorney
MEREDITH B. OSBORN, State Bar #250467
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3911
Facsimile:    (415) 554-3837
E-Mail:        meredith.osborn@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND CHIEF HEATHER FONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC JONES,<br><br>      Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; GREGORY BUHAGIAR, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; ARSHAD RAZZAK, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO, and San Francisco police officers DOES 3-25, inclusive,<br><br>      Defendants. | Case No. C08-00373 CW<br><br>**DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO AND CHIEF HEATHER FONG'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES;**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Trial Date:     None Set |

Defendants City and County of San Francisco and Chief Heather Fong ("defendants") respond to the First Amended Complaint filed July 22, 2008 by Plaintiff Eric Jones.

**JURISDICTION**

1. The allegations of paragraph 1 constitute legal conclusions and therefore do not require a response.

**PARTIES**

2. These answering defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 2 and on that basis deny each and every such allegation.

3. These answering defendants admit the allegations contained in paragraph 3.

4. These answering defendants admit the allegations contained in paragraph 4.

5. The answering defendants admit the allegations contained in paragraph 5.

6. The answering defendants admit the allegations contained in paragraph 6.

7. The allegations of paragraph 7 constitute legal conclusions and therefore do not require a response.

8. These answering defendants deny the allegations contained in paragraph 8.

**STATEMENT OF FACTS**

9. These answering defendants deny the allegations contained in paragraph 9.

10. These answering defendants deny the allegations contained in paragraph 10.

11. These answering defendants deny the allegations contained in paragraph 11.

12. These answering defendants deny the allegations contained in paragraph 12.

13. These answering defendants deny the allegations contained in paragraph 13.

14. These answering defendants deny the allegations contained in paragraph 14.

15. These answering defendants deny the allegations contained in paragraph 15.

16. These answering defendants deny the allegations contained in paragraph 16.

17. These answering defendants deny the allegations contained in paragraph 17.

18. These answering defendants deny the allegations contained in paragraph 18.

19. These answering defendants deny the allegations contained in paragraph 19.

20. These answering defendants deny the allegations contained in paragraph 20.

21. These answering defendants deny the allegations contained in paragraph 21.

## SECOND CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Against Defendants CITY, HEATHER FONG, and DOES 11-25)

22. In response to paragraph 24, defendants incorporate their response to the relevant paragraphs as if fully set forth here.

23. These answering defendants deny the allegations contained in paragraph 25.

24. These answering defendants deny the allegations contained in paragraph 26.

25. These answering defendants deny the allegations contained in paragraph 27.

26. These answering defendants deny the allegations contained in paragraph 28.

27. The allegations of paragraph 29 constitute legal conclusions and therefore do not require a response.

## THIRD CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Against Defendant CITY AND COUNTY OF SAN FRANCISCO)

28. In response to paragraph 30, defendants incorporate their response to the relevant paragraphs as if fully set forth here.

29. These answering defendants deny the allegations contained in paragraph 31.

30. These answering defendants deny the allegations contained in paragraph 32.

31. These answering defendants deny the allegations contained in paragraph 33.

32. These answering defendants deny the allegations contained in paragraph 34.

33. These answering defendants deny the allegations contained in paragraph 35.

34. These answering defendants deny the allegations contained in paragraph 36.

35. The allegations of paragraph 37 constitute legal conclusions and therefore do not require a response.

## JURY DEMAND

59. The jury demand constitutes legal conclusions and therefore does not require a response.

**PRAYER**

60. The Prayer constitutes legal conclusions and therefore does not require a response.

**SEPARATE AFFIRMATIVE DEFENSES**

**(Failure to State a Claim)**

Defendants allege that the complaint fails to state facts sufficient to constitute a cause of action against the defendants.

**AFFIRMATIVE DEFENSE**

**(Third Party Immunity)**

Defendants are a public entity and/or employee and alleges the complaint and each and every cause of action therein is barred by the doctrine of third party immunity set forth in section 820.8 of the Government Code.

**AFFIRMATIVE DEFENSE**

**(Comparative Negligence)**

Defendants allege that plaintiff was negligent in and about the activities alleged in the complaint; that said negligence contributed and was a proximate cause of plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if plaintiff is entitled to recover damages against defendant, then defendant pray that the recovery be diminished or extinguished by reason of the negligence of plaintiff in proportion to the degree of fault attributable to plaintiff.

**AFFIRMATIVE DEFENSE**

**(Discretionary Immunity)**

Defendants are a public entity and/or public employee and alleges the complaint and each and every cause of action therein is barred by the doctrine of discretionary immunity set forth in section 820.2 of the Government Code.

**AFFIRMATIVE DEFENSE**

**(Estoppel)**

By reason of plaintiff's own acts and omissions, plaintiff is estopped from seeking any recovery from defendant by reason of the allegations set forth in the complaint.

**AFFIRMATIVE DEFENSE**

**(Justified Use of Force)**

The complaint and each cause of action therein is barred because the use of force against the plaintiff by defendant and the employees of the City, if any, was privileged and justified.

**AFFIRMATIVE DEFENSE**

**(Self Defense And Defense Of Others)**

Defendants allege that if in fact any force was used against plaintiffs, said use of force was the lawful exercise of the right of self-defense and defense of others and privileged and/or justified by law, and any recovery pursuant to said use of force is barred.

**AFFIRMATIVE DEFENSE**

**(Immunity)**

Defendants allege the provisions of the California Tort Claims Act of the California Government Code (Government Code §810 et seq.) as a measure of the duty of the City and County of San Francisco and its employees.

**AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

Defendants allege that the complaint and each and every cause of action there in is barred because plaintiff failed to mitigate damages.

**AFFIRMATIVE DEFENSE**

**(Denial of Damages)**

Defendants deny that plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission by defendant.

**AFFIRMATIVE DEFENSE**

**(Qualified Immunity)**

As a separate defense, defendants including the employees of the City are immune from any liability and protected against the burden of litigation under the doctrine of qualified immunity and the common law immunities protecting peace officers, prosecutors and public officials.

**AFFIRMATIVE DEFENSE**

**(Immunity from Exemplary Damages)**

Defendants are a public entity and/or employees of a public entity and therefore immune from liability for exemplary damages pursuant to provisions of section 818 of the California Government Code.

**AFFIRMATIVE DEFENSE**

**(No Respondeat Superior Liability)**

The City alleges that it is not liable for any acts or omissions of its employees which occurred outside of those employees' scope of employment with the City.

**AFFIRMATIVE DEFENSE**

**(Failure to Comply With Tort Claims Act)**

Defendants allege the plaintiff failed to comply with the requirements of the California Tort Claims Act of the California Government Code and therefore all claims of the plaintiff are barred.

**AFFIRMATIVE DEFENSE)**

**(Good Faith Immunity)**

Defendants plead that they were acting without malice in good faith at all relevant times and therefore enjoy good faith immunity from suit.

**AFFIRMATIVE DEFENSE**

**(Government Code §820.4)**

California Government Code Section 820.4 provides that a public employee is not liable for injuries inflicted by his or her acts or omissions committed "in the execution or enforcement of any law" while exercising due care.

**AFFIRMATIVE DEFENSE**

**(Statute Of Limitations)**

The complaint and each cause of action therein is barred by the applicable statutes of limitation including without limitation Government Code section 945.6 and California Code of Civil Procedure Sections 335 et seq. and Chapter 3 of Title 2 of the California Code of Civil Procedure.

**AFFIRMATIVE DEFENSE**

**(Assumption Of The Risk)**

Plaintiff has full knowledge of the risk involved in the activity in which plaintiff was engaged at the time of the occurrence of the incident set forth in the complaint. Plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in the complaint, and the loss or damage, if any, sustained by plaintiff was caused by those risks.

**AFFIRMATIVE DEFENSE**

**(Statutory Immunity)**

The City and its employees are immune from all liability alleged in the complaint and each and every cause of action therein pursuant to Government Code Sections 815(b); 815.2(b); 815.4; 818.4; 818.6, 818.7; 818.8; 820(b); 820.2; 820.4; 820.6; 820.8; 821; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.25; 831.3; 831.4; 831.5; 831.6; 831.7; 831.8; 835.4; 840.6; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 846; 850; 850.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 856.4; California Vehicle Code Sections 16004 and 17004.7; and related provisions of these code sections and interpretative case law.

**AFFIRMATIVE DEFENSE**

**(Res Judicata and Claim Splitting)**

The complaint and each and every cause of action therein is barred by res judicata and the case law prohibiting a plaintiff from "splitting" claims or causes of action. Ferraro v. Southern Cal. Gas Co., 102 Cal.App.3d 33, 41 (1980).

**AFFIRMATIVE DEFENSE**

**(Waiver)**

By conduct, representations and omissions, plaintiff has waived, relinquished and/or abandoned any claim for relief against these defendants respecting the matters which are the subject of the complaint.

**AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiff has unnecessarily delayed in protecting the right or rights asserted and has unreasonably delayed in bringing this action, and is therefore guilty of laches and is consequently not entitled to the relief sought.

**AFFIRMATIVE DEFENSE**

**(Prison Litigation Reform Act)**

Defendants alleges that all or some of plaintiff's claims for relief are barred by the Prison Litigation Reform Act, including but not limited to the requirement of exhaustion of administrative remedies and grievance procedures and other applicable provisions of 42 U.S.C. § 1997.

**AFFIRMATIVE DEFENSE**

**(Exhaustion of Remedies)**

As a separate and affirmative defense to the Complaint and to the alleged violations of 42 U.S.C. §1983, Defendants allege that plaintiff has failed to exhaust administrative remedies.

**AFFIRMATIVE DEFENSE**

**(Conformance)**

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, Defendants allege that plaintiff's purported state law causes of action alleged in the complaint are limited to the allegations contained in any government claim plaintiff may have presented, and that, to the extent the complaint attempts to enlarge or expand upon the allegations asserted in such government claim, if any, the complaint fails to state a cause of action and is barred pursuant to California Government Code Sections 905, 905.2, 910, 911, 945.4, 950.2 and related provisions.

**AFFIRMATIVE DEFENSE**

**(Reckless and Wanton)**

These answering Defendants allege that at all times mentioned in the Complaint, plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the Complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the

1  injuries and damages, if any, sustained or claimed by plaintiff; that as a consequence, plaintiff's
2  claims are barred.

### AFFIRMATIVE DEFENSE
### (Consent)

Defendants allege that at all times relevant to plaintiff's Complaint herein, plaintiff knowingly, voluntarily and willingly consented to the conduct alleged in this Complaint.

### AFFIRMATIVE DEFENSE
### (Proposition 51 & Contribution)

Defendants allege that in the event that Defendants are found to be liable – which liability is specifically denied and stated merely for the purposes of this affirmative defense – such liability, if any, for non-economic damages shall be several and not joint, pursuant to the Fair Responsibility Act of 1986 (Proposition 51) as set forth in Civil Code Section 1431 et seq. Defendants request that the trier of fact be instructed that the amount of non-economic damages be allocated in direct proportion to the percentage of fault, if any, assessed against each person or entity to which the Fair Responsibility Act applies and that a separate judgment be rendered in the amount of such non-economic damages attributable to that person or entity. Defendants are entitled to contribution from parties that contributed to and proximately caused the occurrence.

### AFFIRMATIVE DEFENSE
### (Probable Cause for Detention and Confinement of Plaintiffs)

Defendants allege that at all times material to this action, Defendant had reasonable and probable cause to detain, restrain and confine Plaintiffs based on valid and legitimate penological interests of safety and orderly administration of the jails, the California Penal Code, the California Code of Regulations, and the Health and Safety Code.

### PRAYER

WHEREFORE, defendants pray for judgment as follows:

1. That plaintiff take nothing from defendant;
2. That the complaint be dismissed with prejudice;
3. That defendants recover costs of suit herein, including attorneys' fees; and

4.     For such other relief as is just and proper.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Civil Local Rule 3-6, defendants demand a jury trial.

Dated: August 8, 2008

                          DENNIS J. HERRERA
                          City Attorney
                          JOANNE HOEPER
                          Chief Trial Deputy
                          MEREDITH B. OSBORN
                          Deputy City Attorney


By:_____/s/_____
           MEREDITH B. OSBORN

Attorneys for Defendants CITY AND COUNTY OF SAN FRANCISCO AND CHIEF HEATHER FONG