DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Attorney
ROBERT A. BONTA, State Bar #202668
Deputy City Attorney
MEREDITH B. OSBORN, State Bar #250467
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3911
Facsimile:      (415) 554-3837
E-Mail:          meredith.osborn@sfgov.org

Attorneys For Defendants
CITY AND COUNTY OF SAN FRANCISCO,
CHIEF HEATHER FONG, OFFICER GREGORY
BUHAGIAR, AND OFFICER ARSHAD RAZZAK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC JONES,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; GREGORY BUHAGIAR, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; ARSHAD RAZZAK, individually and in his official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO, and San Francisco police officers DOES 1-25, inclusive,<br><br>　　　　Defendants. | Case No. C08-00373 CW<br><br>**STIPULATION AND ORDER EXTENDING DEADLINE FOR HEARING ON DISPOSITIVE MOTIONS AS MODIFIED**<br><br>Trial Date:     May 18, 2009 |

Pursuant to Federal Rule of Civil Procedure 16(b) the parties have met and conferred and agree that the fact discovery in this matter shall conform to the terms of this ORDER.

DISPOSITIVE MOTIONS STIPULATION
CASE NO. C08-00373 CW                          1                    c:\documents and settings\workstation\local
                                                                         settings\temp\notes95ec0b\jonesstip3.doc

GOOD CAUSE APPEARING, the parties stipulate, through their attorneys of record, to the entry of an order as follows:

1. Defendants timely noticed and subpoenaed Christopher Gascon for a deposition on October 17, 2008. Christopher Gascon failed to appear for his deposition.

2. Based on plaintiff's counsel's representations that he was in contact with Mr. Gascon, and that Mr. Gascon's failure to attend was due to inadvertence, defendants then noticed Mr. Gascon's deposition for Monday, November 10, 2008.

3. Plaintiff's counsel was unable to reach Mr. Gascon ahead of that deposition, and Mr. Gascon did not attend.

4. Counsel therefore stipulated to an extension of the deadline to file dispositive motions until December 1, 2008, in determine whether Mr. Gascon could be voluntarily produced for his deposition. Defendants also stated in the stipulation that if Mr. Gascon could not be contacted and his deposition calendared before December 1, 2008, defendants would seek further relief in the form of a petition for an order to show cause why Mr. Gascon should not be held in contempt of court and a further extension of the deadline to file dispositive motions.

5. As of today's date, Mr. Gascon could not be contacted and his deposition could therefore not be calendared before December 1, 2008.

6. Defendants therefore filed a petition for an order to show cause why Mr. Gascon should not be found in contempt of court on November 25, 2008, along with an administrative motion to hear the petition on shortened time.

7. Christopher Gascon is the only percipient third-party witness to the incident alleged in the Complaint who has been specifically identified in this case. (Plaintiff alleges that a Department of Public Works employee was also a percipient witness to the incident alleged in the Complaint, but that individual has not yet been identified.) Christopher Gascon was with plaintiff when the incident alleged in the Complaint occurred.

8. Christopher Gascon's testimony is therefore an essential predicate to filing a dispositive motion in this case. Mr. Gascon's testimony will help defendants determine whether to file a summary judgment motion, and what arguments and defenses to assert in that motion. In either

1  event, filing a dispositive motion without the benefit of Mr. Gascon's testimony would not be an
2  efficient use of attorney or judicial resources.
3      9.    Counsel believe that the deadline for filing dispositive motions should be set for ten
4  days after Mr. Gascon is deposed.
5      For the foregoing reasons, the deadline for filing dispositive motions shall set for ten days
6  after the deposition of Mr. Gascon.  Counsel will notify the Court of the date that Mr. Gascon's
7  deposition is taken, and stipulate to a briefing schedule and hearing date consistent with this
8  stipulation.

IT IS SO STIPULATED.

Dated:  November     , 2008

    DENNIS J. HERRERA
    City Attorney
    JOANNE HOEPER
    Chief Trial Attorney
    ROBERT BONTA
    Deputy City Attorney
    MEREDITH B. OSBORN
    Deputy City Attorney


    By:_____
    MEREDITH B. OSBORN
    Attorneys for Defendants CITY AND COUNTY OF
    SAN FRANCISCO, CHIEF HEATHER FONG,
    OFFICER BUHAGIAR, and OFFICER RAZZAK


Dated:  November     , 2008

    By:_____
    BENJAMIN NISENBAUM
    Attorney for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER**

IT IS ORDERED **that the dispositive motion hearing cutoff is continued to February 5, 2009, at 2:00 p.m.**

Dated: _____12/2/08_____                    _____/s/ Claudia Wilken_____
                                              HON. CLAUDIA WILKEN
                                              UNITED STATES DISTRICT JUDGE

DISPOSITIVE MOTIONS STIPULATION
CASE NO. C08-00373 CW                    4            c:\documents and settings\workstation\local
                                                      settings\temp\notes95ec0b\jonesstip3.doc