**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  NORTHERN DISTRICT OF CALIFORNIA
10
11   Eric Jones,                            No. C 08-0373 CW  (JL)
12            Plaintiff,
13       v.                                 **ORDER GRANTING IN PART**
                                            **PLAINTIFF'S MOTION TO COMPEL**
14   City and County of San Francisco, et al.,   **PRODUCTION OF DOCUMENTS**
                                            **(Docket # 32)**
15            Defendants.
16   _____/
17                              **Introduction**
18
19           All discovery in this case has been referred by the district court (Hon. Claudia
20   Wilken) pursuant to 28 U.S.C. §636(b). This lawsuit arises from the detention of Plaintiffs
21   Eric Jones by officers the San Francisco Police Department. Plaintiff claims the officers
22   stopped and detained him in violation of his rights under the Fourth and Fourteenth
23   Amendments to the United States Constitution and therefore violated his civil rights
24   pursuant to 42 U.S.C. §1983. The case is scheduled for a settlement conference on July 6,
25   2009 and for hearing on the parties' cross-motions for partial summary judgment on July
26   16. Jury trial is scheduled for December 14. This Court previously held a hearing on
27   Plaintiff's motion to compel production of documents which was granted in part and denied
28   without prejudice in part. (Order e-filed at Docket # 71) The Court ordered Defendants to

1  produce certain documents for in camera review. The Court now rules that Defendants

2  shall produce to Plaintiff some but not all of the documents which were submitted to the

3  Court for in camera review. Defendants shall produce to Plaintiffs documents at Bates

4  Numbers 000052-000079, subject to an appropriate protective order.

5                                              **Background**

6          Plaintiff Eric Jones and co-Plaintiff Christopher Gascon, who filed related case C-08-

7  5734, were standing on the corner of Sixth and Howard Streets in San Francisco on

8  December 27, 2006, when two officers stopped and questioned them. As Defendants

9  describe the encounter:

10          "On December 27, 2006, the officers were engaged in a routine plainclothes patrol in

11  the South of Market area when they saw a known gang-member, Christopher Gascon, and

12  an unknown individual later identified as plaintiff Eric Jones, standing on the corner of Sixth

13  and Howard Streets. The stretch of Sixth Street from Mission to Howard Streets is a

14  notorious location for drug and gang activity. It is the center of gang activity for a gang that

15  calls itself the Sixth Street Hustle Boys, or the Hustle Boys, or the Front Line Crew

16  (hereinafter "Hustle Boys"). Other SFPD officers had arrested Gascon with crack cocaine

17  along this stretch of Sixth Street only a couple months before in the presence of another

18  Hustle Boys gang member.

19          "The officers knew that the Hustle Boys were a neighborhood gang that trafficked

20  narcotics, including crack cocaine, and had recently been targets and perpetrators of

21  violent crime. One of the Hustle Boys members had been arrested for homicide earlier in

22  the year, and another Hustle Boys gang member had been shot only weeks prior to this

23  incident on Sixth Street. The officers had information that the Hustle Boys were planning to

24  retaliate for this shooting, and were bringing weapons into the neighborhood. The officers

25  also had information from reliable, confidential informants that Gascon had been seen

26  carrying weapons.

27          "Based on this information and believing that plaintiffs were loitering in a high

28  narcotics trafficking area, the officers decided to stop and attempt to identify plaintiff Jones.

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1   The officers suspected Jones might be a new member of the Hustle Boys or a gun carrier

2   for the Hustle Boys. The officers asked for Jones's identification, and discovered that he

3   had an arrest record in San Francisco that included a firearms charge. Officer Buhagiar

4   therefore pat-searched both Jones and Gascon for officer safety. After conducting the pat

5   search and identifying Jones, the officers left the scene. The entire encounter lasted

6   between five and ten minutes." (Defendants' motion for partial summary judgment at

7   Docket # 86 at 3:8-4:2)

8           Plaintiffs remember the encounter differently:

9           "The two officers stopped both Plaintiffs and conducted a search of both

10  Plaintiffs, in public, that included digitally penetrating each Plaintiff's anus. No contraband

11  was found, and there was no reason to believe that either Plaintiff was involved in any

12  crime or drug related activity. Plaintiffs were not loitering in the area, and they were

13  released after the intrusive searches. Plaintiff JONES, who worked nearby, ran into his

14  friend, Plaintiff GASCON, by pure chance, at 6th and Howard Streets, on his way to a local

15  youth gym/recreation center. While the Defendants are quite familiar with Plaintiff

16  GASCON, they did not know Plaintiff JONES at all. An Office of Citizen Complaints

17  investigation was conducted following a complaint filed by Plaintiffs shortly after the

18  incident.

19          "Plaintiffs specifically dispute subsequent allegations that either Plaintiff is a "known

20  gang member" and any claim that Plaintiffs had both been together at the 6th and Howard

21  Streets intersection for any appreciable period of time. Plaintiffs take issue with the

22  Defendants' claims that the defendant officers believed Plaintiff JONES, who they admit to

23  never having seen before, much less having any idea of Plaintiff JONES' identity, as being

24  some sort of out-of-town hit man, and any claim that Plaintiff GASCON had ever engaged

25  in violent crime. " (Joint Case Management Conference Statement, at Docket # 70, at 2:15-

26  3:2)

27

28

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Discovery Dispute**

Plaintiff Eric Jones moved to compel production by Defendants of "Any and all documents and materials in the possession of Defendant CITY reflecting Plaintiff JONES' history of contact with law enforcement officers." The City timely objected to this request on the grounds that it was overbroad, unduly burdensome, beyond the scope of discovery, and not calculated to lead to the discovery of admissible evidence. The City also objected on the grounds that the requested information was equally available to Plaintiff and privileged under the work product doctrine.

The Court held a hearing at which it ordered Defendants to produce responsive documents for in camera review. Defendants complied, producing documents, along with a Request to Clarify the Court's Order and further briefing. The City produced documents it considered to be relevant to Plaintiff's detention, specifically related to his previous arrest on a firearms charge, as articulated by the Court at the hearing on this motion. The City declined to produce Jones' entire record, including some arrests when he was a juvenile, for the reasons cited above and also on the basis that Plaintiff's entire criminal history was only admissible for impeachment purposes, and therefore not discoverable at this stage of the litigation. *Gribben v. United Parcel Service, Inc.*, 528 F.3d 1166, 1172 (9th Cir. 2008) (affirming district court's ruling that impeachment evidence does not have to be revealed in pretrial disclosures); Fed.R.Civ.P. 26(a)(1)(A). Defendants ask the Court, if it chooses to order production of a more extensive array of documents, to do so only pursuant to a protective order to avoid public disclosure of any of these documents during the course of the litigation. Plaintiff has a significant record as a juvenile.

**Analysis and Conclusion**

The Court reviewed in camera the documents produced by Defendants and finds that only some of them are responsive to Plaintiff's request and discoverable at this time. These are at Bates Numbers 000052-000079. Defendants shall produce these documents to Plaintiff, subject to an appropriate protective order. The other documents are not relevant to Plaintiff's detention, being admissible solely for impeachment and therefore not

1    discoverable at this point in the litigation. Accordingly, Plaintiff's motion is granted in part

2    and denied in part.

3           IT IS SO ORDERED.

4    DATED: June 16,  2009

5

6                                                        _____
                                                          JAMES LARSON
7                                                         Chief Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California